TROWBRIDGE, C. PFEIFFER, Associate Judge.
The court below resolved many disputes of fact and reached a conclusion that the two parties involved were each owners of an undivided one-half interest in a trailer park. We find that there was sufficient evidence to support this conclusion and that the trial court did not err as a matter of law in so ruling.
The final judgment, however, permanently enjoined the plaintiff from entering the trailer park of which she was by the same judgment declared to be a one-half owner. This relief was not requested by defendant in his answer. There was a claim that the parties were common law husband and wife but the trial court found that this count was not established by the evidence. As it is clear that the parties have reached a falling out, the court retained jurisdiction to entertain a supplementary petition for partition should one be filed.
Joint owners of property are generally entitled to equal use, benefit, and possession of that property. 86 C.J.S. Tenancy in Common §§ 20 and 25. A common exception where the divorced wife is given temporary exclusive possession of the marital home as a part of the husband’s duty of support is not applicable here as no marriage was established, no divorce was granted, and the woman is the one who is enjoined from entry. While the plaintiff’s attorney has been and is still serving as receiver to collect the rentals due her, this does not authorize the court to give preference to the defendant by permitting him to have exclusive possession. Although partition may be probable, it is by no means certain and the injunction is by its terms permanent. To permit such an injunction to stand would result in a new form of title to which there is an immediate right to possession but a court prohibition against enforcing this right. Such a situation is intolerable in property law.
That portion of the final judgment below permanently restraining plaintiff from entering the trailer park is vacated and set aside. The remainder of the judgment is affirmed.
Reversed, in part; affirmed, in part.
WALDEN, C. J., and McCAIN, J., concur.